## STATE, TRENTON IRON COMPANY, PROSECUTOR, v. CHARLES B. YARD, RECEIVER OF TAXES OF TRENTON.

1. The supplement of March 7th, 1878, to the act concerning corporations, which provides "that all the real and personal estate of every corporation incorporated by any act of the legislature, or by the filing of a certificate, or otherwise, under any general law of the state, shall be taxed the same as the real and personal estate of an individual, provided that the section shall not apply to railway, turnpike, insurance, canal, or banking corporations, or to savings banks," is a general law within the meaning of ¶ 12, § 7, Art. IV., of the amended constitution.
2. Corporations embraced within its provisions are taxable as therein provided.

On *certiorari*. In matter of taxation.

The prosecutor is a corporation chartered by special act of the legislature of this state. It was assessed in the city of Trenton for general taxes, for the year 1879, upon all its real estate in said city, which was valued at the total sum of $139,783, and also upon personal property valued at $47,200.

The capital stock of the company was $47,200. Besides its real estate, it had assets in the form of tools, machinery, material for manufacture, and accounts receivable, of the value of $468,987.31. It has debts and liabilities to the amount of $518,746.85, nearly all of which is due to creditors residing out of this state. The prosecutor paid the tax on the real estate, and claimed to have the value of such real estate deducted from the capital stock and accumulated surplus of the company. Such deduction would leave the prosecutor without personal property liable to taxation.

Argued at February Term, 1880, before Justices DEPUE, SCUDDER and KNAPP.

For the prosecutor, *E. T. Green.*

For the defendant, *Wm. L. Dayton.*

The opinion of the court was delivered by

KNAPP, J.     The prosecutor, a private corporation located in the city of Trenton, was assessed for taxes in 1879, on its real estate, at a valuation of $139,734, and on personal estate valued at $47,200. No objection was made to the tax on the real estate; that upon the personal property is in controversy.

Upon the facts admitted and proved in the case, the assessment is not sustainable, if the contention of the prosecutor be correct, that the act of 1876 is alone applicable in the taxation of this company, The defendant insists that the supplement to the act concerning corporations, passed March 7th, 1878, (*Pamph. L.*, p. 61,) governs in and makes valid the assessment.

The fifteenth section of the tax act of 1866, (*Rev.*, p. 1156, *pl.* 74,) provides " that all private corporations in this state, except" banking institutions and some others, in which the prosecutor is not embraced, " shall be assessed and taxed at the full amount of their capital stock paid in and accumulated surplus." The twenty-third section of the act, (*Rev.*, p. 1159,

*pl.* 81,) requires the real estate of private corporations to be assessed in the township or ward in which said real estate is located, in the same manner as the real estate of individuals, and provides that the amount of said assessment—which I understand to mean the valuation of said real estate—shall be deducted from the amount of the capital stock and surplus and valuable assets of the corporation.

Under these provisions, the prosecutor asks exemption from the personal tax, because the value of the real estate taxed exceeds the amount of the capital stock and *accumulated surplus* of the company, as the words "accumulated surplus," as used in the fifteenth section, have been interpreted in our courts—that is, the property or fund which the corporation has in excess of its capital stock, and above all its debts and liabilities. *State, Mut. Ben. Life Ins. Co., pros.,* v. *Utter,* 5 *Vroom* 489; *State, People's Ins. Co., pros.,* v. *Parker, Id.* 479; *S. C. on error,* 6 *Vroom* 575.

The fact appears that the prosecutors, at the time the tax was levied, owed debts to creditors out of the state, exceeding in amount the capital stock and value of other property of the company, reduced by the assessed value of the lands. So, under those sections, there remained neither capital nor surplus to be taxed.

But, in support of the tax, the city claims it to be valid under the provisions of the one hundred and fifth section of the act concerning corporations, (*Rev., p.* 96,) as amended by the act of March 7th, 1878, (*Pamph. L., p.* 61,) entitled " A supplement to the act entitled ' An act concerning corporations.' "

The one hundred and fifth section, which first appears in the Revision, enacts " that all the real and personal estate of any corporation *hereafter* incorporated by any act of the legislature, or by filing a certificate, or otherwise, under any general law of this state, shall be taxed the same as the real and personal estate of an individual." This act could not have applied to the prosecutor, as its incorporation antedates the enactment.

By the supplement of 1878, it was enacted that the one

hundred and fifth section be amended to read as follows: "That all the real and personal estate of every corporation incorporated by any act of the legislature, or by the filing of a certificate, or otherwise, under any general law of this state, shall be taxed the same as the real and personal estate of an individual; provided, however, that the provisions of this section shall not apply to railway, turnpike, insurance, canal, or banking corporations, or to savings banks, cemeteries, church property, or to purely charitable or educational associations."

The second section repealed all inconsistent legislation.

The supplement left out the word "hereafter," and thus made its application general, extending to all corporations not expressly excepted from its operation.

This law, if valid, modified, in an essential degree, the fifteenth section of the act of 1866. Under the construction put upon the words "accumulated surplus," which limited their meaning to their appropriate sense, as a commercial phrase, inequalities in the taxable valuation of property between individuals, corporations having a capital stock and such as had none, was found to result, and such as seemed inimical to the general design of the tax act of 1866, which was to secure equality in taxation.

Individuals were taxable for all their real and personal property in the state, at its full value, reduced only by such debts as they, under oath, showed to be justly due and owing to creditors residing within the state.

Stock corporations having property largely in excess of their capital stock, were taxable on it at a valuation reduced by all their debts, wheresoever owing, while corporations having no capital stock were taxable upon all their property, without any deduction for debts or liabilities.

This case would present no inapt illustration of the practical inequality introduced by this section of the tax act.

The prosecutor has in this state, under the protection of its laws, property to the admitted value of $608,000. Under the operation of the sections referred to in the act of 1866, it

would be taxable on about $140,000. If but $90,000 had been represented by lands, that would have been the entire amount of its taxable property. The same property held by an individual or private association would, after deducting debts due to creditors in the state, be taxable at $590,000. Owned by a corporation having no capital stock, the tax would have been levied upon the whole sum of $608,000.

Against this manifest want of uniformity, it was the purpose of the legislature, by the act of 1878, to provide. By virtue of its provisions, corporations brought within its terms stand with natural persons, in respect to their taxable property, on an even plane.

The act is in accord with the spirit and purpose of the general tax law, and falls into harmony with all its principal provisions, save those of the fifteenth and twenty-third sections. With parts of these, it is in conflict, and they must, to the extent of the inconsistency, yield to the later expression of the legislative will, if the act has the force of law.

The prosecutor questions the validity of the act of 1878, on two grounds. The first is rested upon the following theory: that the one hundred and fifth section of the act of 1875, limiting its application to corporations created after its passage, was a special act, embracing only a portion of a class of subjects, to the exclusion of others, possessed of like qualities and attributes; and the amendment to the constitution ordaining that property be assessed for taxes under general laws and by uniform rules, being self-executing, was fatal to, and annulled this section; and it having thus fallen, by force of the constitutional conflict, it could not, as a dead law, be the subject of, or support an amendment.

Let it be granted that a classification founded upon the time of the creation of corporations, would, in an act for their taxation, be subject to the criticism made by the learned counsel upon this section, and that the adoption of the constitutional amendment referred to, rendered inoperative the provisions of the section; yet, yielding this, I am unable to follow the counsel to the result reached by him, that such a law

State, Trenton Iron Co., pros., v. Yard.

cannot be cured of its defect by legislation in the form of a supplement or amendment. I can see in the circumstances no obstacle in the way of the legislature enacting a law free from the objectionable feature, and calling it a supplement or amendment to the old law. On the adoption of the constitutional amendment, this portion of the act relating to corporations was found to be too limited in its application to stand as a general law. The legislature desired to retain its taxing feature, and to extend its provisions so as to embrace corporations, irrespective of the time of their creation. It was convenient to substitute the new section for the old.

It clearly was not necessary, in accomplishing this result, to repeal the whole corporation act, and re-enact it with the changed provisions. The method adopted was the usual, and, as I think, the proper one. There is no constitutional interdict upon such mode of legislation. I know of no rule of public policy that it violates, and our attention is not called to any case where a court, on such ground, has ever declared such legislation invalid. If the legislature had enacted the law without referring to the old section, it would not have been subject to the suspicion of irregularity, and I am unable to perceive how a reference to the old section can be detrimental to it as an act of legislation. It does not render the expression of the legislative will any the less clear and certain. If the objection here urged had force, it would disturb a large body of laws in the state, amendatory of provisions in municipal charters, which had been held by the courts to be unconstitutional.

The second objection urged against the supplement of 1878 is that it is not a general law within the meaning of the constitutional provision above referred to. This objection is rested upon the terms of the proviso, which excepts from the operation of the act, railroads, turnpikes, &c.

The law is general in form, and the only question raised by this objection is whether those corporations which are subjected to its provisions constitute such a reasonable classification of objects as entitle it to be regarded as a general law, or

whether to so constitute it, there must have been included within the operations of its provisions any or all of the excepted corporations or objects.

It was said in *Van Riper* v. *Parsons*, 11 *Vroom* 1, 9, that "interdicted local and special laws are all those that rest on a false or deficient classification: their vice is that they do not embrace all the class to which they are naturally related; they create preferences and establish inequalities; they apply to persons, things, or places possessed of certain qualities or situations, and exclude from their effect other persons, things, or places which are not dissimilar in these respects."

We may refer to the same case, subsequently before this court, for a definition of what constitutes a general law, (11 *Vroom* 123): "A law framed in general terms, restricted to no locality, and operating equally upon all of a group of objects, which, having regard to the purposes of the legislation, are distinguished by characteristics sufficiently marked and important to make them a class by themselves, is not a special or local law, but a general law." To the purview or enacting clause of the act, there can be no possible ground of objection. The only question is whether the particular objects withdrawn from its operation, naturally or reasonably belong to what remains subject to its provisions, as proper members of the same class, for purposes of taxation.

"All legislation is based, of necessity, on a classification of its subjects, and when such classification is fairly made, and the legislation founded upon it is appropriate to such classification, such legislation is as legitimate now as it would have been prior to the recent amendments to the constitution." *Van Riper* v. *Parsons, supra.* What subjects shall be grouped together in a class must be left, in a large measure, to the discretion of the legislature, in view of the various conditions and requirements of each, and so long as they are not deceptive, or contrived with a view to escape constitutional restrictions, they are within legislative, not judicial, control.

No one can doubt the impracticability of applying to the various sorts of corporations, controlling, as they do, property

widely different in character, a method of taxation alike in all its details. To attain to equal and uniform results, means must be adopted suited to their varying conditions. It is in recognition of this necessity that we have special methods of assessing upon railroad, bank, and each of the other corporations mentioned in the proviso, their due proportion of the public tax levies. These particular modes of levying taxes are being constantly enforced and approved. *State, North Ward Nat. Bank, pros.,* v. *Newark,* 10 *Vroom* 380; *S. C. on error,* 11 *Vroom* 558. If they are not objectionable, a law which groups in one class all other corporations, certainly cannot be called a special law. In the case of *State, W. B. & L. Ass'n, pros.,* v. *Hornbaker,* 12 *Vroom* 519, a tax upon a building and loan association, assessed under the act of 1878, was sustained.

But it is said that the act of 1878 was repealed by a further supplement to the corporation act, passed March 14th, 1879. It does not repeal the act of 1878, and its provisions in no way apply to the prosecutor.

The act of 1878 is valid, and was in force at the time this tax was assessed. It repealed so much of the act of 1866 as was inconsistent with its provisions. Under it, the prosecutor was rightly assessed upon its personal property, the true assessable value of which was, above its debts due to creditors in the state, in excess of the amount for which it was taxed.

The tax, therefore, should be affirmed.